UNITED STATES of America,
Appellee,

v.

Gathel Ammon BEATON, Ruben Ernest
Griffin, Appellants.

Nos. 25595, 25596.

United States Court of Appeals,
Ninth Circuit.

Nov. 19, 1970.

Rehearing Denied in No. 25595
Jan. 27, 1971.

Ron Bain (argued), Los Angeles, Cal., Morton L. Shatzkin, Studio City, Cal., for appellants.

Eric Nobles (argued), Asst. U.S. Atty., Robert L. Meyer, U.S. Atty., David R. Nissen, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before MERRILL, DUNIWAY and ELY, Circuit Judges.

PER CURIAM:

In a trial without jury, the appellants were convicted of the crime of bank robbery. 18 U.S.C. § 2113(a). After the robbery, government agents were able,

by means of descriptions, including that of a vehicle, to trace the appellants to a certain apartment dwelling. Griffin was arrested as he left the dwelling, and Beaton was arrested inside the dwelling.[1] The appellants were then fully advised of their rights orally under the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). They did not, however, at that time, or at any other time in question, request the presence of an attorney. After they were taken into custody, the arresting government agents transported them to the bank, where Beaton was identified by bank employees as one of the culprits. On this appeal the appellants contend that this procedure must be equated with the so-called lineup procedure and that, before being exposed to the identifying witnesses, they should have again been advised of their right to the presence of an assisting attorney. We do not reach the merits of that contention. If it be conceded, *arguendo*, that the identification procedure was a lineup, and even a corrupt lineup, the District Court found, as a fact, that the subsequent in-court testimony of the identifying witnesses had not been tainted by their original identification during the initial investigation. The district judge also determined, upon the basis of what we believe to be adequate evidence, that the appellants, by their conduct, including Beaton's subsequent execution of a written waiver, clearly acquiesced in all of the procedures followed by the investigating officers.

The appellants also contend that the district judge should have suppressed evidence consisting of stolen money discovered by the officers during a search of a portion of the apartment premises. This search was conducted pursuant to consent sought and obtained by the officers from the renters of the dwelling. The appellants argue that this consent was not granted until the officers had occupied the premises for some time and that we should therefore assume that the mere presence of the officers had such a coercive effect upon the renters that it must be assumed that the consent was acquired through duress. The evidence does not support the argument. Neither of the renters, who were husband and wife, testified that their consent to the search of their premises resulted from anything other than their own free will.

Affirmed.

---

1. The appellants do not challenge the legality of the officers' entry into the dwelling.